## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**JOSE DELACRUZ,**
            **Plaintiff,**


            **v.**                                         **CIVIL ACTION**
                                                    **NO.  13-10327-DJC**

**LUIS S. SPENCER, ET AL.,**
            **Defendants.**


## MEMORANDUM AND ORDER

**CASPER, J.**                                              **MARCH 17 , 2013**

### I.      Introduction

On February 15, 2013, plaintiff Jose Delacruz, a prisoner transferred from a  Massachusetts state prison to a state prison in Trenton, New Jersey, filed a civil rights complaint against the Commissioner of the Department of Correction ("DOC") and the Deputy Commissioner of Classification for the DOC.  Plaintiff claims, *inter alia*, that his transfer to an out-of-state prison was made without due process and denied him access to the courts.  He seeks declaratory and injunctive relief (in the form of transfer back to a Massachusetts prison), as well as monetary damages.

Along with the complaint, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (D. 3), a Motion to Appoint Counsel (D. 2), and a Motion for writ of habeas corpus *ad testificandum* (D. 4).

### II.     Discussion

#### A.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of the plaintiff's financial disclosures, this Court finds that he lacks sufficient funds to pay the $350.00 filing fee for this action.  Accordingly, his Motion for Leave to Proceed

*in forma pauperis* (D. 2) will be <u>ALLOWED</u>.  However, because the plaintiff is a prisoner, he is

obligated to make payments toward the $350.00 filing fee, pursuant to the Prison Litigation Reform

Act.  <u>See</u> 28 U.S.C. § 1915 (the *in forma pauperis* statute).  Accordingly, this Court will Order that:

    1.    Plaintiff pay an initial partial filing fee of <u>$260.82</u>, pursuant to 28 U.S.C. § 1915(b)(1)(A); [1]

    2.    The remainder of the fee <u>$89.18</u> is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed

by the plaintiff (if any); however, for purposes of clarification for crediting any funds received from

the plaintiff, this Court intends that any funds received from plaintiff's prison account first be

applied to any prior Order of a court assessing a filing fee pursuant to 28 U.S.C. § 1915.

    B.    <u>Order for the Issuance of a Summons and Service by the U.S. Marshal Service</u>

Upon  a preliminary screening pursuant to 28 U.S.C. § 1915(e), this Court will permit this

action to proceed at this time and will direct the Clerk to issue summonses as to defendants Luis S.

Spencer and Carol A. Mici.  This Court will also direct the U.S. Marshal Service to effect service

of process as set forth below.

    C.    <u>The Motion for Appointment of Counsel</u>

---

[1]The initial partial assessment represents 20% of the average monthly deposits in the plaintiff's prison account for a six-month period (June, 2012 to December, 2012).  This calculation was manually prepared based on the prison account statement submitted and is made without prejudice to the plaintiff seeking reconsideration  using some other certified account information data under the formula set forth in 28 U.S.C. § 1915(b).  Further, the initial partial filing fee is made notwithstanding that plaintiff currently may not have sufficient funds in his prison account to pay it.  The *in forma pauperis* statute requires the initial partial filing fee be assessed but collection to occur "when funds exist."  28 U.S.C. § 1915(b)(1).

Under section 1915 of Title 28, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case."  Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*).  Ultimately, to be eligible for this assistance plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

Here, the Court deems plaintiff to be unable to afford counsel.  Nevertheless, at this juncture and on this record this Court cannot find that exceptional circumstances exist to appoint *pro bono* counsel, particularly where the merits of his claims are uncertain and the claims do not appear to involve novel or complex issues of fact or law.  In short, absent a response from the defendants the expenditure of the Court's scarce *pro bono* resources cannot be justified.  Accordingly, plaintiff's Motion for Appointment of Counsel (D. 3) will be DENIED without prejudice to renew after the defendants have filed a responsive pleading and upon good cause shown in light of the response.

D.     The Motion for Writ of Habeas Corpus *Ad Testificandum*

Plaintiff's Motion for Writ of Habeas Corpus *Ad Testificandum* (D. 4) will be DENIED as premature.  If and/or when plaintiff's physical presence is required in this Court for a conference or hearing, a writ of habeas corpus will issue at that time.

### III.     Conclusion

Based on the foregoing, it is hereby Ordered that:

(1)      Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 3) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b).

(2)      The Clerk shall issue summonses as to defendants Spencer and Mici.

(3)      The Clerk shall send the summonses, complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).  The plaintiff may elect to have service made by the U.S. Marshal Service. If directed by the plaintiff to do so, the U.S. Marshal Service shall serve the summonses, complaint and this Memorandum and Order upon the defendants in the manner directed by the plaintiff, with all costs of service to be advanced by the U.S. Marshal Service.

(4)      Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Memorandum and Order to complete service.

(5)      Plaintiff's Motion for Appointment of Counsel (D. 2) is <u>DENIED</u> without prejudice.

(6)      Plaintiff's Motion for Writ of Habeas Corpus *Ad Testificandum* (D. 4) is <u>DENIED</u> as premature.

SO ORDERED.


<u>/s/ Denise J. Casper</u>
Denise J. Casper
U.S. District Judge