# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                           |   |                              |
|---------------------------|---|------------------------------|
| JOSE DELACRUZ,            | ) |                              |
|                           | ) |                              |
|    Plaintiff, | ) |                              |
|                           | ) |                              |
|    v.      | ) | Civil Action No. 13-10327-DJC |
|                           | ) |                              |
| LUIS SPENCER et al.,      | ) |                              |
|                           | ) |                              |
|    Defendants. | ) |                          |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                 January 12, 2015

## I.      Introduction

Plaintiff Jose Delacruz ("Delacruz") brings this lawsuit against Defendants Luis Spencer, Commissioner of the Massachusetts Department of Correction ("DOC"), and Carol Mici ("Mici"), Assistant Deputy Commissioner of Classification for the DOC (collectively, "Defendants"). D. 1; D. 19 at 1. Delacruz, acting *pro se*, seeks a declaratory judgment, injunctive relief and compensatory and punitive damages, alleging that he was transferred to an out-of-state prison without due process of law in violation of the Fourteenth Amendment of the U.S. Constitution and 42 U.S. C. § 1983. D. 1 at 3-4. Defendants moved to dismiss the complaint. D. 18. Because one of the grounds for dismissal was failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), the Court denied the motion to dismiss without prejudice to give the parties leave to supplement the record

1

as a summary judgment motion only as to the exhaustion issue. D. 34. For the reasons discussed below, the Court DISMISSES this action.

## II. Factual Background

The facts recited are as alleged in the complaint, D. 1, and, as to the exhaustion issue, in the Defendants' Statement of Undisputed Facts, D. 38 at 2-7.

In May 2009, Delacruz was committed to the Massachusetts Correctional Institution at Concord to serve a life sentence. D. 38 ¶ 1. On July 8, 2009, after an initial classification hearing, D. 38 ¶ 1, Delacruz was classified for placement at Souza Baranowski Correctional Center ("SBCC"). D. 1 ¶ 4; D. 38 ¶ 1-2; Classification Report, D. 1-1 at 2.

Approximately two months later, on September 17, 2009, the Department of Correction's deputy director of the County, Federal and Interstate Unit modified Delacruz's initial classification and made a "final placement decision" to house Delacruz in a state prison in New Jersey, citing safety concerns as the basis of the decision. D. 38 ¶ 5-6.

In support of his procedural due process claim, Delacruz asserts that because the New Jersey prison did not keep Massachusetts case law in the law library, he was unable to assist in his pending, criminal appeal. D. 1 at ¶¶ 6, 9. Delacruz also asserts that he is unable to advocate effectively in a motion for new trial as a result of the out-of-state transfer. D. 1 at ¶¶ 9-10.

## III. Procedural History

Delacruz filed suit on February 15, 2013. D. 1. Defendants have moved to dismiss the complaint. D. 18. Delacruz opposed this motion. D. 24-26. Because one of the grounds for dismissal was Delacruz's alleged failure to exhaust his administrative remedies prior to filing suit, D. 19 at 11-15, the Court denied the motion without prejudice to allow the parties to supplement the record pursuant to Fed. R. Civ. P. 12(d) as to the exhaustion issue. D. 34. The

Defendants supplemented the record as to administrative exhaustion and pressed its other grounds for dismissal under Fed. R. Civ. P. 12(b)(6), D. 38 at 2, and Delacruz filed supplemental exhibits. D. 39.

## IV. Standard of Review

### A. Summary Judgment

Summary judgment is appropriate when the undisputed facts show that the moving party is entitled to judgment as a matter of law and there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a). A fact is material it if "carries with it the potential to affect the outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The moving party bears the burden of showing that there is no genuine issue of material fact. Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000). The Court views the record in the light most favorable to the non-moving party and draws reasonable inferences in her favor. Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

### B. Motion to Dismiss for Failure to State a Claim

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the truth of all well-pleaded facts and draw[s] all reasonable inferences therefrom in the pleader's favor." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). The Court must "determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quotations and citations omitted).

## V. Discussion

### A. Delacruz Has Failed to State A Constitutional Due Process Claim

Even accepting as true the allegations in the complaint, Delacruz has failed to state a constitutional claim for violation of procedural due process against the Defendants in their official[1] and individual capacities. At base, Delacruz contests his transfer by the DOC from the SBCC to a prison facility in New Jersey. "The protections of the Due Process Clause of the Fourteenth Amendment are triggered, however, only if there is a deprivation of a protected interest in life, liberty, or property." Chartrand v. New Hampshire Dept. of Corrections, No. 12-cv-255-JL, 2013 WL 1788543, at *2 (D.N.H. February 11, 2013) (citing Gonzalez-Fuentes v. Molina, 607 F.3d 864, 886 (1st Cir. 2010)); see Four Certain Unnamed Inmates of Mass. Correctional Inst. at Walpole v. Hall, 550 F.2d 1291, 1292 (1st Cir. 1977). "The liberty interests of prisoners are limited to 'freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Restucci v. Clarke, 669 F. Supp. 2d 150, 157 (D. Mass. 2009) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). For such a procedural due process claim, the Court must determine if the inmate has asserted a liberty interest sufficient to invoke such a constitution claim. Id. The DOC has broad discretion to transfer prisoners in its custody to other intrastate or interstate facilities. Mass. Gen. L. c. 124, § 1 (powers and duties of the DOC Commissioner); Mass. Gen. L. c. 125 § App. 2-1 (Interstate Corrections Compact); Mass. Gen. L. c. 127, §§ 20 (classification), 97 (intrastate transfers), 97A (state/federal transfers); see Nelson v. Comm'r of Correction, 390 Mass. 379, 397 (1983) (concluding that since "[t]ransfers, disciplinary or administrative, are at the discretion of the Commissioner," "a prisoner has no right or expectation under State law that he will not be transferred except for misbehavior or the occurrence of some specified event, [and, therefore]

---

[1] Delacruz acknowledges and agrees with the Defendants that the Eleventh Amendment bars as much of his § 1983 claim as seeks damages against them in their official capacities. D. 26 at 4 (citing Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991)).

4

there is no liberty interest to which due process rights attach and which can be infringed by transfer"); see also Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (noting that after Sandin, "the touchstone of the [relevant] inquiry . . . is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life'"). Significantly, there is no plausible allegation that the transfer to a prison in New Jersey "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin, 515 U.S. at 484 (concluding that 30 days of segregated confinement did not constitute such atypical, significant hardship); see, e.g., Dominique v. Weld, 73 F.3d 1156, 1160-61 (1st Cir. 1996) (concluding that the inmate's transfer and loss of work release privileges did not constitute a protected liberty interest); Hastings v. Comm'r of Correction, 424 Mass 46, 51 (1997) (citing Sandin and Dominique in denying plaintiffs' federal due process claim for movement from pre-release facilities to higher security institutions). "Because no 'liberty interest' has been infringed by the transfer, due process does not attach and Delacruz has failed to state a claim.

---

[2] In various papers filed with this Court, most recently in October 2014, D. 41, Delacruz makes certain grievances about his alleged lack of access to Massachusetts law materials while he has been housed in the prison in New Jersey. In his complaint, he refers to the allegation that his New Jersey placement impeded his access to Massachusetts law and interfered with his ability to assist and prepare this criminal appeal and his planned motion for new trial and was "seriously burdening his access to his counsel and the courts." D. 1 at 2-3. He asserts same, however, in support of his sole claim in the complaint that he was denied procedural due process in being transferred to the prison in New Jersey, D. 1 at 4, and the Court does not conclude that the same is sufficient to invoke the due process clause here, see Ventre v. Forgues, 2013 WL 597643, at *4 (D. Mass. February 14, 2013) and cases cited, particularly where the Court can take judicial notice of the filings by attorneys made on Delacruz's behalf in his state criminal appeals and his pro se filings, D. 19 at 4 & n. 6-7; D. 38 at 22. See Sowell v. Vose, 941 F.2d 32, 41 (1st Cir. 1991) (holding that absent allegation of "absolute deprivation of access to all of his legal materials, but rather complain[t]s about some sort of conditional restriction of access to some of them, we think it fair to require [the petitioner] to show an 'actual injury' as a prerequisite to recovery").

### B. The Defendants Have Failed to Show that Delacruz Did Not Exhaust His Administrative Remedies

Even on this more developed record, the Court does not conclude that the Defendants have show that Delacruz failed to exhaust his administrative remedies as to the September 17, 2009 modification of his initial classification. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)), provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id.; Woodford v. Ngo, 548 U.S. 81, 85 (2006). Massachusetts law, Mass. Gen. L. c. 127, § 38F, has a similar exhaustion provision. Ryan v. Pepe, 65 Mass. App. Ct. 833, 835 (2006) (comparing Section 38F to the PLRA exhaustion requirement). Defendants have the burden of raising and proving that exhaustion was not satisfied. Cruz Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). Here, Defendants argue that Delacruz failed to exhaust the appeals process for inmate classification decisions in regard to his transfer to New Jersey and therefore, his complaint should be dismissed. D. 38 at 11.

The Massachusetts regulations governing the inmate classification procedure provide:

> Where an inmate disagrees with the classification board recommendation . . . the inmate or a legal representative may submit such within five business days of written notification of the board's recommendation, utilizing the Inmate Placement Request/Appeal Form, which shall be provided to inmates at the conclusion of every classification hearing or review.

103 C.M.R. § 420.08(3)(h). On July 8, 2009, Delacruz had an initial classification hearing before the classification board as required by 103 C.M.R. § 420.08(1); D. 38 at 2; Aff. of Thomas Neville, DOC Deputy Director of the County, Federal and Interstate Unit ("Neville Aff."), ¶ 5. Delacruz was advised of the board's classification decision that he be confined at SBCC, a maximum security correctional facility and of the process of appealing this decision.

6

Id. Such appeal was required to be filed within five business days. 103 C.M.R. § 420.08(3)(h): Neville Aff. ¶ 6. It is undisputed that Delacruz did not appeal his July 8, 2009 initial classification within five days and therefore, failed to exhaust his administrative remedies as to the initial decision because "103 CMR § 420.08(h) provided the sole administrative process available for inmates to appeal their initial classification decisions." D. 38 at 15. That is, it is clear that Delacruz failed to exhaust his administrative remedies as to his initial classification, one that assigned him to the SBCC.

It is not clear, however, that there were any administrative remedies for Delacruz to exhaust as to the later modification of this classification that then assigned him to an out-of-state prison. On September 17, 2009, the DOC determined that Delacruz could not continue to be housed safely at SBCC given "security threat group" ("STG") issues and "ongoing conflict concerns." D. 38 at 3; Neville Aff., ¶ 9. Specifically, the DOC concluded that given the particular nature and circumstances of his crime, it was necessary, for security reasons, to place him at another facility. Id. Pursuant to 103 C.M.R. § 420.08(3)(j) (providing, in relevant part, that "[c]lassification hearing transfer decisions may be modified by the Commissioner or designee only in the following instance . . . the existence of an inmate or staff conflict"), the DOC modified its classification and made a final placement decision to house Delacruz in a New Jersey state prison. D. 38 at 3; Neville Aff. ¶ 10.

Delacruz contends that that he was entitled to another classification hearing because the modification of the initial classification sending him to New Jersey was a reclassification. D. 26 at 7. A "reclassification," however, is defined under the applicable regulations as "[a]ny and all subsequent classification process that occur after initial classification." 103 C.M.R. § 420.06. Under the same regulations, a "transfer" is the "act of moving an inmate from one correctional

7

facility to another correctional facility within Massachusetts upon approval by the Commissioner of designee." Id. "An inmate's movement to an out of state or federal facility is also considered a "transfer." Id. Certainly, "futility" is no exception to the exhaustion requirement under the PLRA. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002). It is not clear, however, that there were "administrative remedies as are available," 42 U.S.C. 1997e(a), where the September 17, 2009 action was not a reclassification, but a "transfer." Medina-Claudio, 292 F.3d at 35 (rejecting inmate's argument about his failure to exhaust where his argument amounted to one about the futility of pursuing administrative remedies and not the availability of same). That is, even in their supplemental filings, Defendants point to the administrative remedy—appeal within five business days—of the initial classification on July 8, 2009, but nothing about what remedy Delacruz could have afforded himself when he was aggrieved of the later, September 17, 2009 modification that transferred him to the prison in New Jersey. See D. 38 at 3-4. In fact, the Defendants point out that Delacruz "could not appeal" the decision to house him at a prison in New Jersey. D. 38 at 3; Neville Aff. ¶ 10 (noting that "the Commissioner's Final Placement Decisions cannot be appealed"). Moreover, although the Defendants point to 103 C.M.R. § 420.14 (providing, in relevant part, that "[s]tate inmates being held in out of state or federal facilities shall be reviewed in accordance with the classifications procedures and guidelines of the jurisdictions in which they are being held"), they do not explain how such provision applies to the DOC's decision to transfer an inmate out-of-state, as was done here, particularly in light of evidence in the record that the New Jersey Department of Corrections directed Delacruz back to the DOC in Massachusetts as to the issue of his out-of-state transfer as he "remain[ed] in their legal custody." D. 38-6. For all of these reasons, the Court cannot conclude that Delacruz failed to exhaust his administrative remedies.

### B. Delacruz's Claim is Time-Barred

Nevertheless, even accepting as true the allegations in the complaint, the Court concludes that Delacruz's claim is time-barred. 42 U.S.C. § 1983 provides a private right of action for constitutional deprivations of state actors. "Section 1983 does not contain a built-in statute of limitations." Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (citations and quotations omitted). Thus, "the state statute of limitations applicable in tort actions for personal injuries governs § 1983 claims." Benitez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998). Massachusetts has a three-year statute of limitations for personal injury actions. Mass. Gen. L. c. 260, 2A; c. 258, 4; Nieves, 241 F.3d at 51.

"While the length of the statute of limitations is based on state law, 'the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.'" Williams v. City of Boston, 771 F. Supp. 2d 190, 201 (D. Mass. 2011) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).

"A claim accrues on the date that the plaintiff knows or has reason to know of the act which is the basis for the claim." Nieves-Vega v. Ortiz-Quinones, 443 F.3d 134, 136 (1st Cir. 2006) (citations and quotations omitted). "A plaintiff attains this knowledge 'at the time of the act itself and not at the point that the harmful consequences are felt.'" Ojeda-Rodriguez v. Zayas, 666 F. Supp. 2d 240, 249 (D.P.R. 2009) (quoting Marrero–Gutierrez v. Molina, 491 F.3d 1, 6 (1st Cir. 2007)). Here, the basis of Delacruz's claim is that he was transferred to a prison in New Jersey. D. 1. Thus, Delacruz's claim began accruing on the date Delacruz knew or had reason to know that the DOC decided to transfer him to New Jersey. Delacruz has pleaded that his "placement was modified to out-of-state on 9/17/09," D. 1 ¶ 5 (citing D. 1-1), and there is no indication on this record that there was a delay in informing Delacruz of this change or in

9

transferring him to New Jersey. Given the three-year statute of limitations on Delacruz's claim, he was required to file his complaint by September 2012. Because Delacruz did not file his complaint until February 25, 2013, the Court must also allow the Defendants' motion to dismiss on this ground. While the Court recognizes that "complaints drafted by non-lawyers are to be construed with some liberality," Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000), given the allegations in the complaint, dismissal is warranted.

While Delacruz argues that his claim is not time-barred because "he has been exhausting his access to court claims all the way to 2012," D. 26 at 4, the basis of Delacruz's due process claim asserted in the complaint against these Defendants is their failure to provide him due process before transferring him to New Jersey, even if such transfer allegedly lead to the alleged limited access to Massachusetts case law.[3] The Court, therefore, concludes that the statute of limitations has run on Delacruz's due process claim against the Defendants.[4]

---

[3] To the extent Delacruz intends to assert an argument sounding in equitable tolling, he would have to "show excusable ignorance of the statute of limitations caused by some misconduct of the defendant." Benitez-Pons, 136 F.3d at 61 (internal citation omitted); see Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (noting in the context of a § 1983 action that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs"). There is no indication in the complaint (or otherwise in the motion papers) that Delacruz was ignorant of the statute of limitations or that Defendants engaged in any misconduct that would lead him to be.

[4] The Court notes that the Defendants also contend that they are entitled to qualified immunity as to this § 1983 claim. To address such matter, the Court must determine whether the facts alleged make out a violation of a constitutional right; and if it does, whether such right was "clearly established" at the time of the Defendants' alleged constitutional violation. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). Given that, as discussed above, the asserted liberty interest giving rise to any due process claim here is "dubious," Rocket Learning, Inc. v. Rivera-Sanchez, 715 F.3d 1, 13 (1st Cir. 2013), the Court concludes that not even the first prong of the qualified immunity test has been met. Moreover, the Court cannot conclude, even assuming the truth of the allegations of the complaint, that Delacruz's interstate transfer for security reasons, D. 1 at ¶ 5 (alleging that placement was modified to an out-of-state placement "due to STG issues alleged at SBCC"), was the violation of a clearly established right such that a reasonable official in the Defendants' situation knew or should have known that such action was

## VI. Conclusion

For the reasons discussed above, the Court ALLOWS the motion to dismiss as asserted in D. 18 and D. 38, but DENIES the portion of D. 38 that sought summary judgment on the exhaustion issue, and DISMISSES this action.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

in violation of such established right given the current contours of the law regarding procedural due process claims arising from the intrastate or interstate transfers of inmates.